**William SCOTT, Plaintiff-Appellant,**

**v.**

**LOCAL UNION 377, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Defendant-Appellee.**

**Nos. 75–2317, 75–2318.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1976.

Decided Jan. 26, 1977.

Paul H. Tobias, Goldman, Cole & Putnick, Cincinnati, Ohio, for plaintiff-appellant in No. 75–2317 and defendant-appellee in No. 75–2318.

Eugene Green, Green, Schiavoni, Murphy & Haines, Robert M. Murphy, Youngstown, Ohio, Bernard S. Goldfarb, Cleveland, Ohio, for defendant-appellee in No. 75–2317 and plaintiff-appellant in No. 75–2318.

Before McCREE, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

The principal issue on this appeal is whether the decision of the United States Supreme Court in *Alyeska Pipeline Services Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) affects in any way the inclusion of attorney fees as an element of damage in a suit for breach of a union's duty of fair representation under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. We hold it does not.

Scott's dispute with the Union and his employer, Anchor Motor Freight, is fully set forth in our earlier decision in *Scott v. Anchor Motor Freight, Inc.,* 496 F.2d 276 (6th Cir. 1974). In a § 301 suit against Anchor and Local 377, Scott had obtained a jury verdict upon his claim that Anchor had wrongfully discharged him and that the Union had unfairly represented him in pro-

testing that discharge. The original jury verdict assessed damages of $12,500 against Anchor and a like and separate amount against Local 377. In the first appeal we affirmed the jury's finding of liability against both defendants and the award as against Anchor. However, we vacated the award against the Union because of our conclusion that "the $12,500 verdict . . . necessarily rests on a sheerly speculative foundation and cannot stand." The verdict was speculative because plaintiff was precluded from introducing evidence before the jury of reasonable attorney fees incurred by him in the prosecution of his case. Accordingly, the judgment against the Union was vacated and the case remanded to the district court "for a comprehensive determination of damages incurred by Scott as a result of the Union's breach of its duty of fair representation, under the principles of *Vaca v. Sipes,* 386 U.S. 171, 196–198, 87 S.Ct. 903, 17 L.Ed.2d 842." *Scott v. Anchor Motor Freight, Inc., supra,* 496 F.2d at 282.

Upon remand, the parties waived a jury trial and the court reopened proofs for the limited purpose of the remand, it being agreed, however, that the court might also consider the record of the earlier trial.

The district court in its opinion on remand declined to award punitive damages finding them inappropriate under the circumstances. The court then awarded the plaintiff $1,000 to reimburse him for the services of an expert witness and an additional $500 for certain out-of-pocket expenses incurred in the prosecution of the action. We find both determinations well within the range of the proofs and do not disturb them.

■ It is the balance of the opinion, however, which causes us concern. Without stating its reasoning, the district court held simply:

Upon consideration of the evidence in this case, the court finds that the sum of $12,500 is a reasonable and just figure to compensate plaintiff for the breach of Local # 377's duty of their representation.

No explanation of what is represented by this award is found in the opinion. It is clear from the court's opinion that the award is not for attorney fees, for the court thereafter expressly determined that it was precluded from any award for attorney fees by *Alyeska Pipeline Services Co. v. Wilderness Society, supra.* Citing the *Alyeska* decision as authority, the trial court felt that it was not permitted to award attorney fees in this case "without legislative guidance. This court, therefore, determines that plaintiff's request for attorney fees must be denied." We cannot agree.

The Supreme Court in *Alyeska* reaffirmed the traditional American rule that attorney fees are not ordinarily recoverable by the prevailing litigant in federal litigation in the absence of statutory authorization. We do not read the decision as in any way affecting those cases in which the attorney fees are not an award to the successful litigant in the case at hand, but rather are the subject of the law suit itself. More particularly, we do not understand that the decision in *Alyeska* in any way affects the measure of damages which can be awarded to a prevailing plaintiff in a suit for a breach of a union's duty of fair representation in an action under § 301. While *Alyeska* had not been decided prior to our first opinion, we implicitly recognized its holding by our agreement with the district court that an award of attorney fees against the employer would be improper. See *Scott v. Anchor Motor Freight, Inc., supra,* 496 F.2d at 281–282. To have awarded Scott his attorney fees against Anchor Motor Freight would have been in violation of the American rule as set forth in *Alyeska.* A different situation is presented, however, in his action against the Union, for in that action the principal element of Scott's damages is the amount which it cost him in attorney fees and other expenses to do that which the union was obliged but failed to do on his behalf. He was, therefore, entitled to include in his damages against the Union the amount which he reasonably expended in attorney fees and other costs in prosecuting his claim against the company, costs which he would not have incurred but for

the Union's breach of its duty to represent him fairly and in good faith. *Czosek v. O'Mara,* 397 U.S. 25, 29, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970); See also, *Harrison v. United Transportation Union,* 530 F.2d 558, 562 (4th Cir. 1975), *cert. denied,* 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976); *De Arroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281, 293 n.17 (1st Cir. 1970).

While the trial court had evidence before it from which to make such a determination, it failed to make any such determination, believing it was precluded from doing so by *Alyeska.* This requires remand.

■ Finally, we must again vacate the district court's award of $12,500. Because the district court failed to specify what elements of damage, if any, were otherwise included within that figure, we must again hold that the determination "rests upon a sheerly speculative foundation and cannot stand", at least in the absence of any explanation. While we conceive that *Vaca v. Sipes* leaves open the question of what additional damages besides attorney fees might be shown to have been caused by a union's breach of its duty of fair representation, we are unable, upon the proofs before us, to determine what other elements of damages could justify such an award. See particularly, *St. Clair v. Teamster Local # 515,* 6 Cir., 422 F.2d 128, 132.

Accordingly, the judgment of the district court is vacated and the case remanded for further proceedings. On remand, the district court should clearly state its findings of fact and assessment of damages in accordance with the apportionment required in *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) and *Czosek v. O'Mara,* 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970).