Aaron PITTS, Plaintiff-Appellee,

v.

FRITO–LAY, INC., Defendant-Appellant,

Bakery and Confectionary Workers' International Union of America, Detroit Bakers' Union Factory Local 326, Defendant-Appellant.

Nos. 80–1828, 81–1021.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 2, 1982.

Decided Feb. 24, 1983.

Rehearing and Rehearing En Banc Denied April 29, 1983.

George M. Maurer, Jr. (argued), Maurer, Kalls, Long & Bunn, Detroit, Mich., for defendant-appellant in No. 80–1828.

Donald A. Van Suilichem, Clark, Klein & Beaumont, Detroit, Mich., Duane C. Aldrich, Thomas Christopher (argued), Atlanta, Ga., for defendant-appellant in No. 81–1021.

Chui Karega (argued), John A. Murphy, Glotta, Adelman, Dinges, Davis, Middleton, Riley & Murphy, Detroit, Mich., for plaintiff-appellee.

Before LIVELY and KRUPANSKY, Circuit Judges, and RUBIN, District Judge.[*]

KRUPANSKY, Circuit Judge.

This is an appeal from a judgment entered on a jury verdict in the Eastern District of Michigan finding for plaintiff-appellee, Aaron Pitts (Pitts), in his action for breach of a collective bargaining agreement and breach of the duty of fair representation brought against, respectively, his former employer, Frito-Lay, Inc. (Frito-Lay) and former Union, Bakery and Confectionary Workers' International Union of America, Detroit Bakers' Union Factory Local 326 (Local 326). This case requires the Court to determine the propriety of affording retroactive effect to this Circuit's recent decision

in *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982).[1]

A review of the record of the proceedings in the lower court discloses the following pertinent chronology. Pitts commenced employment with Frito-Lay on November 1, 1971. In June of 1975, Pitts was employed at Frito-Lay's facility in Allen Park, Michigan as a warehouseman. Pitts was discharged in mid-June of 1975 allegedly for failure to call in on two consecutive days and substantiate an excuse for his absence as required by the work rules and bargaining agreement in effect at the Allen Park plant.

Local 326 filed a grievance on behalf of Pitts protesting his discharge. In support of his grievance, Pitts submitted a letter, purportedly from an oral surgeon, stating that he had been under the oral surgeon's care during his absence due to a reaction to medication administered following periodontal surgery. In fact, Pitts had not undergone oral surgery nor had he been under the care of a physician during his absence.

On June 25, 1975, a third step grievance meeting was conducted to review Pitts' discharge. At this meeting, Frito-Lay disclosed that it was aware that the medical excuse was not authentic. Subsequently, Frito-Lay notified Local 326 that it was denying the grievance. Although Local 326 had the right to seek arbitration of the matter, it elected not to do so.

On October 31, 1977, Pitts filed suit in the district court pursuant to § 301 of the Labor Management Relations Act (29 U.S.C. § 185) alleging that his discharge was in violation of the collective bargaining agreement between Frito-Lay and Local 326 and that Local 326 had breached its duty of fair representation by failing to pursue his grievance to arbitration. Specifically, Pitts asserted that his discharge and subsequent unfair representation were in retaliation for his involvement with a dissident labor organization at the Allen Park facility.

---

[*] The Hon. Carl B. Rubin, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. One district court of this Circuit has addressed the issue and applied *Badon* retroactively. *Zahnow v. Great Lakes Distributing Co.,* 544 F.Supp. 553 (E.D.Mich.1982).

The case proceeded to trial and the jury returned a verdict for plaintiff. The stipulated amount of back-pay recoverable was $9,846.40, with attorney's fees and costs totalling $7,500.00. The lower court entered judgment against both defendants for the total of these sums. The district court also ordered Local 326 to pay Pitts $585 in lost strike benefits. Both Frito-Lay and Local 326 have appealed.

After the initial briefs were filed in this matter but prior to oral argument, this Circuit decided *Badon v. General Motors Corp., supra.* In that case a former employee of General Motors Corporation brought suit against General Motors for breach of a pension benefits agreement. The employee joined his union, the United Auto Workers, asserting that it had breached its duty of fair representation.

The district court, applying Michigan's three-year tort statute of limitations, M.C.L.A. § 600.5805(7), entered summary judgment against the employee because he had delayed filing his action for approximately six years. The employee appealed contending that Michigan's six-year contract statute of limitations, M.C.L.A. § 600.5807, should apply.

While the appeal in *Badon* was awaiting resolution, the Supreme Court decided *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), which held that in a § 301 action by an employee against both his employer and union originating in New York, the most appropriate state statute of limitations with respect to the action against the employer was N.Y. Civ.Prac.Law and Rules § 7511(a), New York's 90-day limitations period for vacation of arbitration awards. In *Badon,* as in the instant matter, the case originated in Michigan which does not have a specific statute of limitations for vacating labor arbitration awards. The *Badon* Court concluded, contrary to the established practice of borrowing and applying an analogous state statute of limitations to § 301 actions, that the most appropriate statute of limitations was the six-month period provided in section 10(b) of the National Labor Relations Act (29 U.S.C. § 160(b)) for filing unfair labor practice charges.

If *Badon* is to be given retroactive effect thereby rendering the six month limitation period of § 10(b) applicable to this action, then, clearly, the within cause is time-barred. Conversely, if *Badon* is limited to prospective application, then, pursuant to this Circuit's previous line of authority, Michigan's three-year tort statute governs and the action is timely. *Echols v. Chrysler Corp.*, 633 F.2d 722 (6th Cir.1980); *Gallagher v. Chrysler Corp.*, 613 F.2d 167 (6th Cir.), *cert. denied,* 449 U.S. 841, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980); *Smart v. Ellis Trucking Co.,* 580 F.2d 215 (6th Cir.), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1978).[2]

The leading case analysis of nonretroactivity outside of criminal prosecutions is *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In that action the plaintiff was injured while working on an offshore oil rig in the Gulf of Mexico. Slightly more than two years after his injury was incurred, the plaintiff filed an action against the owner of the drilling rig in federal court. While the action was pending, the Supreme Court decided *Rodrigue v. Aetna Casualty & Surety Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969) which held, contrary to a line of lower federal court decisions, that in such actions, which are governed by the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq.,* state law, rather than general admiralty law, controls. The district court in *Chevron,* relying on *Rodrigue,* applied Louisiana's one-year limitations period

---

**2.** This Court has consistently held, both before and after *United Parcel Service v. Mitchell, supra,* that the same limitations period governs actions against the employer and actions against the union. *Badon v. General Motors Corp., supra,* at 98; *Gallagher v. Chrysler Corp., supra,* at 168–69. Cf. *Newton v. Local*

*801 Frigidaire,* 684 F.2d 401 (6th Cir.1982). *Contra, Flowers v. Local 2602, United Steelworkers of America,* 671 F.2d 87 (2d Cir.) *cert. granted* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982); *Hand v. International Chemical Workers Union,* 681 F.2d 1308 (11th Cir.1982).

for personal injury actions and concluded that the case was time-barred. The Fifth Circuit Court of Appeals reversed and the matter was presented to the Supreme Court.

The Supreme Court decided that, although the district court was correct in concluding that *Rodrigue* would render the one-year, state statute applicable, it would not apply the rule to a pre-*Rodrigue* case. The Supreme Court identified three factors to be considered in dealing with a nonretroactivity question:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, *see e.g., Hanover Shoe, Inc. v. United Shoe Machinery Corp.,* 392 U.S. [481], at 496, [88 S.Ct. 2224, at 2233, 20 L.Ed.2d 1231] [1968], or by deciding an issue of first impression whose resolution was not clearly foreshadowed, *see, e.g., Allen v. State Board of Elections,* 393 U.S. [544], at 572, [89 S.Ct. 817, at 835, 22 L.Ed.2d 1] [1969]. Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." *Linkletter v. Walker,* 381 U.S. [618], at 629 [85 S.Ct. 1731, at 1738, 14 L.Ed.2d 601] [1965]. Finally, we have weighed the inequity imposed by retroac-

tive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." *Cipriano v. City of Houma,* 395 U.S. [701], at 706 [89 S.Ct. 1897, at 1900, 23 L.Ed.2d 647] [1969].

*Chevron Oil Co. v. Huson, supra,* 404 U.S. at 106–07, 92 S.Ct. at 355.

Upon consideration of these factors, the Supreme Court determined that the one-year limitations period implicated by *Rodrigue* would not be applied retroactively. The Supreme Court noted that *Rodrigue* had overruled a long line of decisions by the Fifth Circuit. With respect to the second factor, the Court stated that retroactive application would deny the injured employee a remedy, contrary to the purpose of adopting state law under the Lands Act. Finally, the Court held that retroactive application of the shorter period of limitations would produce substantial inequitable results because it would deprive the plaintiff of redress for his injuries even though "he could not have known the time limitation imposed upon him." *Id.* 404 U.S. at 108, 92 S.Ct. at 356.

■ Applying the *Chevron* factors to the case at bar, this Court is persuaded that the shorter limitation period adopted in *Badon* should not be applied retroactively.[3] As

---

**3.** This Court has recently determined, employing the *Chevron* analysis, that *United Parcel Service v. Mitchell* should be applied retroactively. *Lawson v. Truck Drivers, Chauffeurs & Helpers, Local Union 100,* 698 F.2d 250 (6th Cir.1983). The conclusion arrived at in the instant matter is not in conflict with *Lawson.* In *Mitchell,* as this Court observed in *Lawson, supra,* at 332, the Supreme Court was merely clarifying a rule—a rule which had been established 15 years earlier in *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). *Hoosier Cardinal,* held that "the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate *state* statute of limitations." *Id.* at 704–705, 86 S.Ct. at 1112–1113 (emphasis added). The Supreme Court in *Mitchell* was simply "called upon to determine which *state* statute of limitations period should be borrowed and applied to

an employee's action against his employer under § 301." *United Parcel Service, Inc. v. Mitchell, supra,* 451 U.S. at 57, 101 S.Ct. at 1561 (emphasis added). Accordingly, this Court concluded that *Mitchell* does not represent "the kind of 'clean break' with past precedent contemplated in *Chevron.*" *Lawson, supra,* at 254.

In *Badon,* however, this Circuit decided, notwithstanding the foregoing precedent directing utilization of a state limitations period, that in Michigan the courts must apply a *federal* statute of limitations to § 301 actions. *Badon* therefore is not a mere clarification of an established rule nor was it clearly foreshadowed by other decisions in this area of the law. Rather, *Badon* creates a new rule of law and represents a clean break with past precedent.

The Court would observe that the Supreme Court has recently granted certiorari in two cases to consider the suitability of applying

previously indicated, prior to *Badon,* this Circuit had consistently held that Michigan's three-year tort statute applied to § 301 actions. It is true that our decisions applying the three-year statute postdated the accrual of Pitts' cause of action and filing of suit. Thus, he cannot be said to have relied on those decisions. Nevertheless, the Supreme Court decision directing federal courts to apply the most analogous state statute of limitations in § 301 actions was decided in 1966, several years prior to the events culminating in this lawsuit. *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). As cases in this Circuit applying *Hoosier Cardinal Corp.,* demonstrate, Pitts could quite justifiably conclude that Michigan's three-year, tort limitations period governed his action.

With respect to the second element identified in *Chevron,* this Court is aware that the rationale espoused in *Badon* for adopting the six-month, NLRA limitations period is that the six-month period strikes a proper balance between the national interest in the finality of private labor settlements and the employee's interest in overturning an unjust settlement under the bargaining agreement. *Badon v. General Motors, supra,* 679 F.2d at 99, *citing United Parcel Service v. Mitchell, supra* 451 U.S. at 70–71, 101 S.Ct. at 1568 (Stewart, J. concurring). The Court does not believe, however, that prospective application of that limitations period will seriously undermine the policy behind its adoption. Certainly, retroactive application would promote the finality of private labor settlements by immediately insulating from attack any resolution concluded for a period of six months. However, this finality is achieved at the expense of the employee's

justifiable belief that his ability to undo iniquitous settlements, the countervailing weight in the balance, would extend for three years. Accordingly, the Court concludes that the policies justifying the result in *Badon* are not offended, indeed they are promoted, by limiting the six-month limitations period to prospective application.

The third component of the *Chevron* analysis is the "inequity imposed by retroactive application." As in *Chevron,* this Court concludes that such application would be extremely unjust since the plaintiff "could not have known the time limitation imposed upon him." Indeed the injustice would be even more egregious in the instant case because, in *Chevron,* the parties had merely reached the discovery stage of the litigation, whereas in the matter *sub judice* the case has already proceeded to trial and judgment.

In sum then, the Court is constrained to conclude that the six-month statute of limitations adopted in *Badon* for suits of this nature should not be given retroactive effect.

█ The Court has carefully reviewed the remaining contentions advanced by the appellants and, with one exception, finds them unavailing. As indicated, the district court entered judgment for the total of back-pay, attorney's fees and costs against both defendants jointly and severally. The lower court was clearly in error in taking this action.[4]

In *Vaca v. Sipes,* 386 U.S. 171, 197–98, 87 S.Ct. 903, 920–921, 17 L.Ed.2d 842 (1967), the Supreme Court enunciated the general rule with respect to damages in § 301 suits involving both a breach of contract and an unfair representation claim:

§ 10(b) to § 301 actions. *DelCostello v. International Brotherhood of Teamsters,* 679 F.2d 879 (4th Cir.) *cert. granted* —— U.S. ——, 103 S.Ct. 442, 74 L.Ed.2d 599 (1982); *Flowers v. Local 2602, United Steelworkers of America, supra.* This, of course, does not alter our characterization of *Badon* as an unforseen development in the law.

For the foregoing reasons, the Court concludes that the propriety of affording *Badon* retroactive effect, the issue presented in the matter *sub judice,* is distinguishable from the

issue of applying *Mitchell* retroactively and it follows, a fortiori, that the instant case is distinguishable from *Lawson.*

4. The lower court relied on a district court opinion, *Ruzicka v. General Motors Corp.,* 96 LRRM 2837 (E.D.Mich.1977). That opinion has since been vacated on other grounds by this Court. 649 F.2d 1207 (6th Cir.1981). In any event, that opinion conflicts with the law of this Circuit.

The governing principle, then, is to apportion liability between the employer and the union according to the damage caused by the fault of each. Thus, damages attributable solely to the employer's breach of contract should not be charged to the union, but increases if any in those damages caused by the union's refusal to process the grievance should not be charged to the employer.

Following the mandate of *Vaca v. Sipes*, this Court has, without deviation, insisted that, although proper apportionment of damages is often difficult, the task must be undertaken. *See Milstead v. International Brotherhood of Teamsters, Local No. 957*, 649 F.2d 395 (6th Cir.1981), *cert. denied*, 454 U.S. 896, 102 S.Ct. 394, 70 L.Ed.2d 211 (1982); *Milstead v. International Brotherhood of Teamsters, Local No. 957*, 580 F.2d 232 (6th Cir.1978) *cert. denied*, 454 U.S. 896, 102 S.Ct. 394, 70 L.Ed.2d 211 (1982); *Ruzicka v. General Motors Corp.*, 523 F.2d 306 (6th Cir.1975); *Scott v. Local Union 377, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers*, 548 F.2d 1244 (6th Cir.) (per curiam), *cert. denied*, 431 U.S. 968, 97 S.Ct. 2927, 53 L.Ed.2d 1064 (1977); *St. Clair v. Local Union No. 515, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers*, 422 F.2d 128 (6th Cir.1969).[5]

Accordingly, this case is affirmed in part, reversed in part, and remanded for apportionment of damages in accordance with the foregoing precedent.

---

**5.** Subsequent to the return of the initial page proofs from the printer, the Supreme Court decided *Bowen v. United States Postal Service*, —— U.S. ——, 103 S.Ct. 588, 74 L.Ed.2d 402 (1983). The district court is directed to that case for guidance with respect to the appropriate method of allocating damages.