Debbie FIFIELD, Plaintiff,

v.

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 137, and Greenville Products Company, Inc., Defendants.

No. G82–983 CA1.

United States District Court,
W.D. Michigan, S.D.

Aug. 31, 1983.

Dennis R. Carlson, Garlington, Sluiter & Agents, Wyoming, Mich., for plaintiff.

A. Robert Kleiner, Kleiner, DeYoung & Fayette, Grand Rapids, Mich., John A. Fillion, M. Jay Whitman, International Union, UAW, Legal Dept., Detroit, Mich., for Intern. Union.

Lawrence A. Reich, Lederer, Reich, Sheldon & Connelly, Chicago, Ill., for Greenville Products.

Thomas A. Hoffman, Schmidt, Howlett, Van't Hof, Snell & Vana, Grand Rapids, Mich., co-counsel for Greenville.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This case comes before the Court pursuant to a motion to dismiss filed by defendants Greenville Products Company, Inc. ("Greenville Products")[1] and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, Local 137 (the "Union").[2] Jurisdiction of this matter is premised upon § 301 of the Labor Management Relations Act (the "Act"), 29 U.S.C. § 185, and 28 U.S.C. § 1337.

## BACKGROUND

Plaintiff, Debbie Fifield was employed by defendant Greenville Products. On June 2, 1980, she was fired by Greenville Products for excessive absenteeism. Pursuant to a collective bargaining agreement between Greenville Products and the Union, plaintiff, as a member of the Union, allegedly sought out the appropriate Union representative and filed a grievance.

Allegedly, the Union failed to take any action upon plaintiff's grievance. On November 19, 1982, plaintiff filed this cause of action against both the Employer and the Union in the Kent County Circuit Court for the State of Michigan. This lawsuit was

---

**1.** Greenville Products Co., Inc. is a Michigan corporation located in Greenville, Michigan.

**2.** The Union is a labor organization representing employees in an industry affecting commerce.

subsequently removed by the defendants to this court.

In the complaint, plaintiff asserts both a federal and a state cause of action. Count I of the complaint alleges that the "Union breached its duty to represent plaintiff in good faith by failing to follow the grievance procedure found in Article IV, Section 25 of said Collective Bargaining Agreement." Although § 301 of the Act is not mentioned in plaintiff's complaint, the Court will construe this count as setting forth a § 301 cause of action that the Union breached its duty of fair representation. See Avco Corp. v. Aero Lodge No. 735, 376 F.2d 337 (6th Cir.1967) (court stated that "[a]ll rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under Federal law .... The force of Federal preemption in this area of labor law cannot be avoided by failing to mention § 301 in the complaint").

Count II of the complaint also fails to mention § 301 and states in part as follows: "there existed between Plaintiff (sic) and Defendant (sic) corporation an implied and express contract of lifetime employment and implied and express contract that Plaintiff (sic) would be dismissed only for good cause." Likewise, the Court will construe Count II of the complaint as stating a § 301 cause of action that the employer breached the collective bargaining agreement as well as a *Toussaint* cause of action, see *Toussaint v. Blue Cross and Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980), brought pursuant to the laws of the State of Michigan.

### FED.R.CIV.P. 12(b)(6) MOTION TO DISMISS

#### A. STANDARD

█ Defendants have moved to dismiss the complaint for "failure to state a claim upon which relief can be granted," pursuant to Fed.R.Civ.P. 12(b)(6). The Court's inquiry at this point, before the reception of any evidence by affidavit or admission, is merely whether the challenged pleading sets forth allegations sufficient to make out the elements of a right to relief. In making this determination, the allegations in the pleading are taken at "face value," *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972), and should be construed favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). "[W]ell pleaded facts are taken as true, and the complaint is construed liberally in favor of the party opposing the motion." *Davis H. Elliot Co. v. Caribbean Utilities Co.,* 513 F.2d 1176, 1182 (6th Cir.1975). All reasonable inferences which might be drawn from the pleading must be indulged. *Fitzke v. Shappell,* 468 F.2d 1072, 1076 n. 6 (6th Cir.1972). Provided that the claim for relief fulfills the requirements of Fed.R.Civ.P. 8(a), it "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Defendants motion to dismiss in regard to plaintiff's § 301 claims are premised upon the allegation that plaintiff's action is barred by the statute of limitations. In regard to plaintiff's state-law *Toussaint* claim, defendants have moved to dismiss on the basis that plaintiff's sole remedy for breach of a collective bargaining agreement lies in federal as opposed to state law. Each of plaintiff's claims will be considered separately.

#### B. § 301 CLAIMS AND STATUTE OF LIMITATIONS

█ In regard to the § 301 causes of action brought against the Union and Greenville Products, the primary issue before the Court is whether this action is barred by the statute of limitations. With the case of *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982), the Sixth Circuit adopted the position that the applicable statute of limitations in cases involving hybrid § 301 fair representation suits is the six-month statute of limitations found in § 10(b) of the National Labor Relations

Act, as amended 29 U.S.C. § 160(b). Although *Badon* was not cited, the position reached by the *Badon* court was recently confirmed by the Supreme Court in the case of *DelCostello v. International Bhd. of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Subsequent to the *Badon* decision and prior to the *DelCostello* decision, the Sixth Circuit held in the case of *Pitts v. Frito-Lay, Inc.,* 700 F.2d 330, 334 (6th Cir.1983), that the six-month statute should not be given retroactive effect.[3] Thus, the six-month statute is limited to prospective application.

■ Applying *Pitts* to the present situation, the Court determines that plaintiff's § 301 causes of action are not barred. Plaintiff was discharged on June 2, 1980. At the time her cause of action accrued, the actions were governed by Michigan's three-year, tort statute of limitations. M.S.A. § 27A.5805(7); M.C.L.A. § 600.5805(7). *See Echols v. Chrysler Corp.,* 633 F.2d 722 (6th Cir.1980); *Gallagher v. Chrysler Corp.,* 613 F.2d 167 (6th Cir.1980), *cert. denied* 449 U.S. 841, 101 S.Ct. 119, 66 L.Ed.2d 48 (1980). After plaintiff's causes of action accrued, the Sixth Circuit rendered the *Badon* decision, changing the statute of limitations from three years to six months. Pursuant to *Pitts, Badon* should be applied prospectively. Although *Pitts* failed to define the term "prospective," the majority view holds that prospective application of a statute of limitations means that the new statute of limitations governs only those causes of action *arising after* the effective date of the new limitations period. *See Kotval v. Gridley,* 698 F.2d 344, 347 (8th Cir.1983). That is "the former statute of limitations remains applicable to a cause of action that *accrued prior to* the change in the law." *Sanabria v. Village of Monticello,* 424 F.Supp. 402, 406 (S.D.N.Y.1976) (cites omitted) (emphasis added). Therefore, despite

the fact that plaintiff's cause of action was filed after the *Badon* decision, plaintiff's action is timely. Accordingly, defendants' motion to dismiss is denied.

## TOUSSAINT CLAIM

In addition to plaintiff's § 301 claim against Greenville Products for breach of the collective bargaining agreement, plaintiff also asserts a state-law claim against the same party pursuant to *Toussaint v. Blue Cross and Blue Shield of Michigan,* 408 Mich. 579, 292 N.W.2d 880 (1980). *Toussaint* basically held that

> company personnel policies and employer assurances can give rise to an employee's reasonable expectation of a just cause prerequisite for termination, which is legally enforceable even though the agreed upon duration of the employment contract is for an indefinite term. 408 Mich. at 598, 292 N.W.2d 880.

*Novosel v. Sears, Roebuck & Co.,* 495 F.Supp. 344, 345–346 (E.D.Mich.1980). In other words, *Toussaint* recognizes that in certain situations, an implied contract prohibiting the termination of an employee by an employer absent just cause may arise between an employer and an employee. *See Summers v. Sears, Roebuck & Co.,* 549 F.Supp. 1157 (E.D.Mich.1982). Plaintiff alleges the existence of such a contract between herself and Greenville Products and further alleges that Greenville Products breached this contract by discharging her for excessive absenteeism occurring while plaintiff was on medical leave.

After a thorough consideration of the facts of this case, defendants' motion to dismiss plaintiff's *Toussaint* claim is granted. The Court agrees with the proposition stated in *Turner v. General Motors Corp.,* 112 L.R.R.M. 2420, 2421–22 n. 7 (E.D.Mich. 1982) that

---

**3.** Prior to the *Pitts* decision, this Court had ruled in a number of cases that *Badon* should be applied retroactively. *See Edie v. Brundage,* 546 F.Supp. 837 (W.D.Mich.1982); *Erbes v. Dexter Lock,* No. G80–380 (W.D.Mich. Sept. 10, 1982); *Jones v. Murco,* No. K82–39 (W.D. Mich. Sept. 10, 1982); *Remelts v. Central MI*

*Paper,* No. G82–254 (W.D.Mich. Sept. 10, 1982); *Myer v. Coca-Cola,* No. G80–459 (W.D. Mich. July 23, 1982). *Pitts,* however, is now the law of the Sixth Circuit and this Court is constrained to follow *Pitts* unless and until the Sixth Circuit adopts a different position.

the Toussaint (sic) theory is not a talisman by which the principles of the Constitution's supremacy clause and the federal preemption doctrine can be avoided. In fact, Toussaint (sic) was not even addressed to the collective bargaining agreement context. The point, however, is that breach of the collective bargaining agreement must be addressed under federal rather than state law (cite omitted).

See *Dancuborrich v. Eckrich & Sons,* 110 L.R.R.M. 2110 (W.D.Mich.1981).

 Adopting this position, the Court holds that where an employee sues an employer for breach of a collective bargaining agreement, the plaintiff's cause of action is governed by federal law. Such a conclusion is mandated because the subject matter of § 301 "is peculiarly one that calls for uniform law." *Pennsylvania R. Co. v. Public Service Comm'n,* 250 U.S. 566, 569, 40 S.Ct. 36, 37, 64 L.Ed. 1142 (1919). To hold otherwise would exert a disruptive influence upon both the administration and the negotiation of collective bargaining agreements. See *Teamsters Local 174 v. Lucas Flour Co.,* 369 U.S. 95, 103, 82 S.Ct. 571, 576, 7 L.Ed.2d 593 (1962).

## CONCLUSION

For all of the reasons stated, defendants' motion to dismiss plaintiff's § 301 claims against Greenville Products and the Union is denied. Defendants' motion to dismiss plaintiff's *Toussaint* claim against Greenville Products is granted.