765 F.2d 147
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 MELVIN C. ZAHNOW, PLAINTIFF-APPELLANT,
v.
GREAT LAKES DISTRIBUTING COMPANY AND INTERNATIONAL
BROTHERHOOD OF TEAMSTERS LOCAL 1038, DEFENDANTS-APPELLEES.
 
 NO. 83-1014
 United States Court of Appeals, Sixth Circuit.
 5/13/85
 E.D.Mich., 544 F.SUPP. 553
 AFFIRMED
 ORDER
 BEFORE: KEITH and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 The plaintiff appeals the order granting summary judgment to the defendants as to the plaintiff's claims for wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and breach of the Union's duty of fair representation and remanding pending claims based upon Michigan's Handicappers' Civil Rights Act, M.C.L.A. Sec. 37.1101 et seq., to the state court from which the action was removed. Now the plaintiff moves for a remand to the district court in light of this Court's decision in Pitts v. Frito-Lay, Inc., 700 F.2d 330 (6th Cir. 1983). That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff was discharged from his employment with the defendant Company on August 16, 1979. He submitted a grievance to the defendant Local Union, but the latter decided on October 18, 1979 not to pursue the grievance to arbitration. The plaintiff became aware of that decision sometime in early November, 1979.
 
 
 3
 The present action was filed in state court on November 30, 1981. Although the complaint made no reference to federal statutory law, it asserted wrongful discharge in violation of the collective bargaining agreement and breach of the Union's duty of fair representation in its decision not to pursue the plaintiff's grievance. It also included a claim that the defendants violated Michigan's Handicappers' Civil Rights Act. The defendant removed the action to federal court as a hybrid Sec. 301/unfair representation action based upon federal law. Both defendants moved for summary judgment. The plaintiff sought a remand of all state claims to the state court.
 
 
 4
 In a memorandum opinion entered July 30, 1982 and now published as Zahnow v. Great Lakes Distributing Co., 544 F.Supp. 553 (E.D. Mich. 1982), the district court granted summary judgment to the defendants as to all federal claims on grounds the complaint was not filed within the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), as applied to hybrid Sec. 301/unfair representation cases by this Court in Badon v. General Motors Corp., 679 F.2d 93 (6th Cir. 1982). The district court, noting the newness of the Handicappers' Civil Rights Act and the lack of decisions interpreting its provisions, declined pendent jurisdiction over the claims thereunder and remanded such claims to state court. This appeal followed.
 
 
 5
 The plaintiff based his motion to remand upon this Court's decision in Pitts v. Frito-Lay, Inc., supra, which held that its prior decision in Badon was not to be given retroactive effect. Intervening caselaw, however, has rendered these decisions irrelevant. In Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), the Supreme Court held the Sec. 10(b) six-months statute of limitations applicable to all hybrid Sec. 301/unfair representation actions. In Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), this Court held the Del Costello decision was to be given retroactive application. The Pitts decision is therefore no longer effective law in this Circuit. See 747 F.2d at 373 n.2. Therefore,
 
 
 6
 It is ORDERED that the motion to remand and it hereby is denied.
 
 
 7
 Based upon the Del Costello and Smith decisions, this Court also finds the district court properly granted summary judgment to the defendants on all claims asserting wrongful discharge under the collective bargaining agreement and unfair representation. To the extent the plaintiff attempted to base those claims upon state common law, such claims are pre-empted by federal labor law. See Avco Corp. v. Aero Lodge No. 735, IAM, 376 F.2d 337, 339-40 (6th Cir.), cert. denied, 389 U.S. 819 (1967); Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468 (9th Cir. 1984); Eitmann v. New Orleans Public Service, Inc., 730 F.2d 359 (5th Cir.), cert. denied, ---- U.S. ----, 105 S.Ct. 433, 83 L.Ed.2d 359 (1984); Fristoe v. Reynolds Metals Co., 615 F.2d 1209 (9th Cir. 1980). For the reasons stated by the district court in its Memorandum Opinion, we likewise find it did not err in remanding to the state court any claims premised upon alleged violations of Michigan's Handicappers' Civil Rights Act.
 
 
 8
 Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure. Therefore,
 
 
 9
 It is ORDERED that the district court's judgment as embodied in its order of August 30, 1982 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.