[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In her amended complaint filed September 18, 1991, the plaintiff alleges the following facts. The plaintiff, a teacher in the Waterbury school system, was bumped from her position in the business department while a teacher with less seniority was retained. This bumping was in violation of the collective bargaining agreement between the Board and the Waterbury Teachers CT Page 1615 Association, of which the plaintiff is a member. The plaintiff filed a grievance, which the Association initially opposed, but eventually processed it "perfunctorily and in bad faith." The Association also refused to proceed to arbitration, all of which "acted to sabotage the plaintiff's collective bargaining rights."
The plaintiff thus brings suit against both the Board and the Association. In her demand for relief, the plaintiff claims punitive damages against the Association. On October 2, 1991 the Association filed a motion to strike the claim for punitive damages on the ground that such damages "are unavailable in an action against a union in a claim for breach of the duty of fair representation." The plaintiff objects to the motion and the parties have filed supporting memoranda of law.
The Association argues that International Brotherhood of Electrical Workers v. Foust, 442 U.S. 42 (1979) stands for the proposition that punitive damages cannot be recovered in an action such as the instant case. The plaintiff argues that Foust, as a federal case, is not controlling here. She also argues that even if Foust is controlling, punitive damages in Connecticut are different than "normal" punitive damages and the reasoning in Foust is thus inapposite.
The plaintiff's suit is what is characterized as a suit for breach of the duty of fair representation. Id., 46-47. This type of suit includes those where the union "arbitrarily ignores a meritorious grievance or processes it in a perfunctory fashion." Id., 47, quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967). Because "congress empowered unions to bargain exclusively for all employees in a particular bargaining unit", Foust, supra 47; this type of suit acts as a "bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress." Vaca, supra, 182. The suit of breach of the duty of fair representation is "implied from the statute" and judicially created. Foust, supra, 47.
Foust was decided under the Railway Labor Act,45 U.S.C. § 151 et seq. id., 43. The instant case would be governed by the Labor-Management Relations Act, 29 U.S.C. § 141 et seq., specifically 29 U.S.C. § 185 (a). This section allows actions "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185 (a). Although this section does not specifically mention an employee suing the union, the "question of whether a union member can sue his union under [Section 185] for a union's breach of the collective bargaining agreement has already been decided in the affirmative by the Supreme Court." Lewis v. Local Union No. 100 of Laborers' International Union, 750 F.2d 1368, 1373 (7th Cir. 1984) CT Page 1616 (citations omitted).
The plaintiff, in her complaint, does not claim that the suit is pursuant to any federal law, and argues in opposition to the motion to strike that the federal cases cited by the defendant are not controlling here. "It is settled law that all rights and claims arising from a collective bargaining agreement in an industry affecting interstate commerce arise under federal law, and while state courts are not deprived of jurisdiction in such cases, in exercising their jurisdiction state courts are bound to apply only federal law." Oglesby v. RCA Corp, 752 F.2d 272, 277
(7th Cir. 1985) (citations omitted) (emphasis added). State law in this area "has been completely pre-empted." Id. (citations omitted) (emphasis added).
Furthermore, if the suit is based on a violation of a collective bargaining agreement, as here, "the action arises under federal law and the fact that it was not characterized in the complaint as a federal claim is not determinative." Id., 276. Therefore, although not characterized in the complaint as such, the present case arises under 29 U.S.C. § 185 (a) as a violation of a collective bargaining agreement, and therefore state law is "completely pre-empted" and this court is bound to apply "only federal law." Id., 277.
Thus, the question remaining is whether, under29 U.S.C. § 185 (a), an employer who sues a union for breach of the duty of fair representation is entitled to claim punitive damages. The court in Foust held that punitive damages were not recoverable. Foust, supra, 49-52. As mentioned previously, however, the Foust decision was based on the Railway Labor Act whereas this action comes under the Labor-Management Relations Act. Thus, the more narrow question is whether the ruling in Foust applies to cases other than those under the Railway Labor Act.
Although there is no Supreme Court decision on this issue, there are a number of Federal Appellate Court decisions which discuss whether the Foust decision applies to actions under29 U.S.C. § 185. No federal case has been cited or discovered which allows punitive damages in this situation.
The court in Lewis, supra, for example stated that it felt that "the court in Foust meant to formulate a blanket prohibition against the recovery of punitive damages in all fair representation suits." Id., 1382. See also Quinn v. Digiulian,739 F.2d 637, 647 (D.C. Cir. 1984); Dependahl v. Falstaff Brewing Corp., 653 F.2d 1208, 1216 (8th Cir.), cert. denied, 449 U.S. 862
(1980). Therefore, under federal law, a claim for punitive damages cannot be maintained in an action for breach of the duty CT Page 1617 of fair representation.
The plaintiff, however, argues that even if punitive damages are not recoverable under federal law, she is seeking punitive damages under Connecticut law, which provides for a different measurement of punitive damages. In Connecticut, punitive damages are "restricted to the cost of litigation less taxable costs of the action being tried." Kenny v. Civil Service Commission,197 Conn. 270, 277 (1985). The plaintiff therefore argues that what she is really seeking, although called punitive damages in this state, is simply attorney's fees and the federal case law on punitive damages is not applicable.
As discussed supra, federal law is controlling in this case. The rule in federal courts is that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). Although subject to certain exceptions not relevant here; id., 257-259; this rule has been consistently followed since 1796.[1]
Federal courts do allow attorney's fees in a suit against a union by a member for breach of the duty of fair representation. For instance, in Dutrisac v. Catapillar Tractor Co., 749 F.2d 1270
(9th Cir. 1983), the court noted that the $2,000 awarded as attorney's fees in that case brought by a member against the union for breach of the duty of fair representation under29 U.S.C. § 185, actually "represented damages, not attorney's fees per se." Id., 1276. These constituted damages because "the essence of Gambler's claim against [the union] is that [the union] wrongfully failed to represent him in his grievance against [his employer]." Id.
Similarly, in Scott v. Local Union 377, International Brotherhood of Teamsters, 548 F.2d 1244 (6th Cir. 1977) the court noted that the employee could not recover his attorney's fees in his action against his employer. Id., 1246. The court stated, however, that it was a different situation in the employee's
 action against the Union, for in that action the principal element of Scott's damages is the amount which it cost him in attorney fees and other expenses to do that which the union was obliged but failed to do on his behalf. He was, therefore, entitled to include in his damages against the Union the amount which he reasonably expended in attorney fees and other costs in prosecuting his claim against the company, costs which CT Page 1618 he would not have incurred but for the Union's breach of its duty to represent him fairly and in good faith.
Id., 1246 (citations omitted). See also Holmes v. Westinghouse Electric Corp, 864 F.2d 289 (3rd Cir. 1988) (holding that "the employee should recover as damages from the Union only the attorney's fees incurred in pursuing the . . . claim against the employer" id., 293 (citations omitted)).
Therefore, the plaintiff does have the right to collect some attorney's fees in her action against the Association. She could recover, as damages, the amount of attorney's fees incurred in her action against her employer, but she could not recover the attorney's fees for her action against the Association. The plaintiff's claim for punitive damages is improper, even if the plaintiff's intent is just to collect attorney's fees, because federal law is controlling in this case and punitive damages are different in federal cases than in Connecticut. Federal law is clear that punitive damages are not recoverable in a case such as this one, and therefore the Association's motion to strike is granted, but without prejudice to the plaintiff's right to claim attorney's fees as damages.
So ordered,
LANGENBACH, J.