### James WILSON, Plaintiff,

v.

### INTERNATIONAL BROTH. OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Defendants.

No. 5:91 CV 2348.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 15, 1999.

Edward L. Gilbert, Law Offices Of Edward L. Gilbert, Akron, OH, for James Wilson, plaintiff.

James Wilson, East Canton, OH, pro se.

Sorrell Logothetis, Logothetis, Pence & Doll, Dayton, OH, John R. Doll, James A. McCall, James T. Grady, Patricia A. Callahan, International Brotherhood of Teamsters, Legal Department, Washington, DC, for Intl. Bro. of Teamsters, Chauffers, Warehousemen & Helpers of America, defendant.

Thomas A. McCormack, Keith R. Wolgamuth, McCormack & Wolgamuth, Cleveland, OH, for Local 507 Intl. Bro. of Teamsters, Chauffeurs, Warehousemen & Helpers, defendant.

Thomas W. Kimmins, Snively & Kimmins, Massillon, OH, Julie C. Ford, Logothetis, Pence & Doll, Dayton, OH, for Local 92 Bro Of Teamsters, Chauffeurs, Warehousemen & Helpers, defendant.

Keith L. Pryatel, Millisor & Nobil, Cleveland, OH, John E. Holcomb, Law Offices of Harry Tipping, Akron, OH, Mary Donna Corso, Charles E. Sykes, Judith Batson Sadler, Bruckner & Sykes, Houston, TX, for Matlack, Inc., defendant

Michael James Ranallo, Keith L. Pryatel, Millisor & Nobil, Cleveland, OH, for Casol Leasing, defendant.

Richard E. Guster, Akron, OH, neutral.

## MEMORANDUM OPINION AND ORDER

DOWD, District Judge.

This case, with its long history, is before the Court once again. This time, plaintiff is seeking an award of attorney fees and costs expended in defending against the appeal by the Union ("Local 92"). Plaintiff filed an application for fees (Doc. No. 545, as corrected by Doc. No. 552) in the amount of $68,824.99. In addition he has filed a bill of costs (Doc. No. 553) seeking $2,326.26 in costs.[1] For the reasons set forth below, plaintiff's application for fees and costs is DENIED.

While the final appeal was pending plaintiff also filed a motion to revise the supersedeas bond. (Doc. No. 532). There being no need to address this motion, it is also DENIED.

## PROCEDURAL BACKGROUND

On July 13, 1994, this Court entered judgment in favor of plaintiff, James Wilson, in the amount of $133,296.83, plus costs exclusive of attorney fees, apportioned between defendant Matlack/Casol Leasing and Local 92. The Court denied plaintiff's request for attorney fees. (*See* Doc. No. 374). Local 92 and Matlack both appealed. Although the Sixth Circuit affirmed the judgment as to liability, it reversed the denial of attorney fees and remanded for further proceedings on that issue. *Wilson v. Intern. Broth. of Teamsters, etc.*, 83 F.3d 747 (6th Cir.1996).

Upon remand, this Court awarded fees against Local 92 in the amount of $104,487.40, plus interest from the date of judgment. The judgment entry is dated June 17, 1997 (Doc. No. 500), but it is based on legal reasoning set forth in a memorandum opinion issued on April 28, 1997 (Doc. No. 485).[2]

Local 92 appealed this judgment. Pending the appeal, it deposited funds in the Clerk's registry to satisfy the judgment if its appeal proved unsuccessful, which it ultimately did.[3] The Sixth Circuit affirmed the award. *Wilson v. Intern. Broth. of Teamsters, etc.*, Nos. 97–3668, 97–3672, 1999 WL 55272 (6th Cir. Jan. 12, 1999),[4] *cert. denied,* —— U.S. ——, 119 S.Ct. 2401, 144 L.Ed.2d 800 (1999).

This instant application seeks an award of fees and costs incurred by Wilson in defending against Local 92's appeal on the issue of apportionment of fees.

## DISCUSSION

On May 2, 1996, when the Sixth Circuit reversed this Court's initial denial of attor-

---

1. Briefs have been filed by both sides in support of and in opposition to this instant request for fees and costs. The initial application (Doc. No. 545) was supported by a memorandum (Doc. No. 546). Local 92 filed a memorandum in opposition (Doc. No. 554) and plaintiff filed a "response" (Doc. No. 560). After plaintiff revised his application and submitted a separate bill of costs (Doc. Nos. 552 and 553), Local 92 filed its separate opposition (Doc. No. 562). The Court granted plaintiff leave to submit a final opposition, which was filed on September 14, 1999. (Doc. No. 565).

2. The Court also issued a Memorandum Opinion on May 29, 1997 (Doc. No. 492), which reduced the costs which had been originally awarded.

3. On August 5, 1999, this Court did finally enter its Order to the Clerk to disburse these funds. As set forth therein, the Clerk was directed to disburse $20,411.41 to Mr. Wilson and $106,349.94 to Mr. Gilbert. Because the funds on deposit did not satisfy the entire award, the Union remains liable to Mr. Gilbert for $4,721.55, which Local 92 was directed to deposit with the Clerk for separate disbursement. This order, at footnote 2, recognized that the issue of whether Local 92 would owe additional fees and costs for its final appeal remained to be resolved.

4. The court first issued a per curiam opinion dated December 22, 1998. Following a request for clarification, it issued an amended per curiam opinion.

ney fees, it distinguished the instant case from the ordinary situation wherein the so-called American Rule applies. Under the American Rule, unless a contract or statute expressly authorizes an award of attorney fees, the prevailing litigant ordinarily cannot collect its fees from the loser. *Wilson v. Intern. Broth. of Teamsters,* 83 F.3d 747, 753 (6th Cir.1996).

Relying on *Scott v. Local Union 377, Intern. Broth. of Teamsters,* 548 F.2d 1244, 1246 (6th Cir.), *cert. denied,* 431 U.S. 968, 97 S.Ct. 2927, 53 L.Ed.2d 1064 (1977), the Sixth Circuit concluded that "in Section 301 cases the damages arising from a union's breach of its duty of fair representation include the attorneys' fees reasonably incurred in pursuing a claim against the employer for breach of the collective bargaining agreement." 83 F.3d at 753. Where the union member has to hire an attorney to pursue a claim against his employer because his union will not do it for him, that is part of "the harm itself" under Section 301. *Id.* at 754. The same is not true as regards the employee's claim against the employer for breach of the collective bargaining agreement. *Id.* Those claims are governed by the American Rule, subject to certain exceptions, such as the bad faith exception. *Id.*

When this Court awarded fees upon remand, it had to address many issues, one of which was whether it should "calculate the allowable attorney fee by deducting the hours devoted to prosecuting the claim against the Local 92." (Doc. No. 485, at 6). Local 92 argued that, under the Sixth Circuit's remand order, only fees attributable to pursuing the claim against the employer could be assessed against the Union, not fees attributed to pursuing the claim against the Union itself. Although this Court found this to be a close call, it ultimately found in favor of the plaintiff on this issue and assessed the total fees for pursuing both claims. The award was set without deducting hours attributed to Wilson's pursuit of claims against Local 92.[5]

This "apportionment" issue was one of the primary issues appealed by Local 92. When the Sixth Circuit ruled, it simply affirmed without commenting on this particular issue.[6] *Wilson v. Intern. Broth. of*

---

**5.** This Court stated:

> Local 92 interprets the language of the decision in *Wilson, supra,* at page 754 to constitute an appellate direction binding on this court to calculate the allowable attorney fee by deducting the hours devoted to prosecuting the claim against the Local 92.
>
> Wilson could only prevail in this case if he established both a violation of the collective bargaining agreement and a breach of the duty of Local 92 to represent him in the grievance procedure. The attorney fees are to be paid by Local 92. The suggestion that the hours devoted to proving a breach of that duty should be eliminated in the calculation of the attorney fee is in this case without merit. *The fees incurred in pursuing both parts of this hybrid action were "necessarily intertwined." Bennett v. Local Union No. 66,* 958 F.2d 1429, 1440 (7th Cir.1992). As such, the Court is of the view that any attempt to distinguish fees spent on the claim against the union from fees spent on the claim against the employer is not appropriate.
>
> As a result, the court will resolve the hours allowable in the calculation of the attorney fee award without the proposed deduction as suggested by Local 92.

(Memorandum Opinion, Apr. 28, 1997, Doc. No. 485, at 6–7) (italics added).

**6.** On October 10, 1997, this Court had also approved the recommendation of a Magistrate Judge that, for reasons not relevant to the instant opinion, Wilson's counsel should reimburse him $15,758.86 plus interest. Although Wilson did *not* appeal that ruling, the Sixth Circuit apparently entertained oral argument on it anyway and actually affirmed this Court in that regard. Thus, the ultimate ruling of the Sixth Circuit was simply: "We hereby affirm the judgment entered June 17, 1997 [awarding attorney fees and costs incurred in the district court and on the appeal of the denial of attorney fees], and affirm the opinion, order and judgment entered on October 10, 1997 [that Attorney Gilbert had to reimburse money to Wilson]."

The court issued its opinion on January 12, 1999. The mandate, however, did not issue until May 17, 1999, because the Union, understandably wanting clarification on where it stood with respect to the important issue it had raised on appeal, unsuccessfully sought rehearing en banc.

*Teamsters*, 178 F.3d 1298, 1999 WL 55272 (6th Cir. Jan. 12, 1999).

Now this Court must decide whether Wilson is entitled to recover the fees and costs incurred in *defending* against Local 92's last appeal. Where previously Wilson was the one prosecuting the appeal, attempting to be compensated for all of the damages incurred in pursuing his claim against his employer, including attorney fees which have been judged to be included in those damages, here he was defending an appeal. Although this last appeal by Local 92 arose out of the same procedurally-drawn-out case, it is really almost a separate case conceptually. The employer is out of the picture. An award of fees has been made. Local 92 took its appeal to urge the Sixth Circuit to declare that the Union should not have to pay Wilson any amount of attorney fees and costs attributed to his pursuit of claims against the Union itself. In such an action, this Court believes the American Rule applies, where each party bears its own costs of prosecuting or defending.

Wilson's briefs are of little assistance since, as authority for the fees sought, they rely on 42 U.S.C. § 1988, which provides that a prevailing party in a civil rights proceeding may recover attorney fees. Admittedly, in its Memorandum Opinion of April 28, 1997, this Court indicated that its determination of the *amount* of attorneys fees was guided by Section 1988 jurisprudence. However, at that point, this Court had already been directed by the Sixth Circuit to award fees as an element of damages, not as attorney fees per se. Section 1988 was not the *reason* fees were awarded. Section 1988 was only a guide to determine the *amount.*

At this juncture, plaintiff cannot use Section 1988 as its *reason or ground* for asserting entitlement to recover fees and costs from the final appeal in this Section 301 hybrid case. Rather, plaintiff must show that the fees it incurred in defending the appeal were part of "the harm itself." This plaintiff cannot do.

Since the fees incurred by plaintiff in this final appeal were not part of the harm itself, the question becomes whether any of the equitable exceptions to the American Rule come into play to permit an award of these fees and costs to the plaintiff. These exceptions include: "the common benefit or common fund exceptions, the willful disobedience of a court order exception, and the bad faith exception." *Wilson,* 83 F.3d at 754 (internal quotation marks omitted) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 257–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)).

Clearly, neither of the first two exceptions apply. Therefore, the only justification for an award of the costs and fees for this appeal would be if Local 92 took their appeal in bad faith. In this Court's view, it goes without saying that the apportionment issue raised by Local 92 in its appeal was an excellent question, one for which guidance from the Circuit would have been helpful had it chosen to address the issue, which it did not. There was certainly no indication of bad faith in Local 92's appeal. Accordingly, plaintiff is not entitled to recover any fees and/or costs; the American Rule shall apply to this phase of the litigation.[7]

## CONCLUSION

For the reasons set forth above, plaintiff's application for fees and costs (Doc.

---

7. In plaintiff's final brief, he addresses defendant's argument that plaintiff should not, in any event, be granted fees and costs for having filed a brief in the Supreme Court *in response to* Local 92's petition for certiorari, a brief not required by Supreme Court Rules. (*See* Doc. No. 565, at 2). Plaintiff asserts that the brief was justified because "the Supreme Court found said brief helpful and the [C]ourt considered said brief in the denial of cert."

(*Id.*). This court has found no authority for this assertion and the plaintiff has cited none. This court is not aware that the Supreme Court has a practice of notifying parties and/or their counsel when a brief is "helpful," especially a brief that is not even required by the Court's rules. Plaintiff's assertion, even if it could be proven true, would have no effect on the analysis herein.

No. 545, as amended) is DENIED. Further, the motion to increase the supersedeas bond (Doc. No. 532) is DENIED as moot.

IT IS SO ORDERED.

## JUDGMENT ENTRY

For the reasons set forth in the Memorandum Opinion and Order filed contemporaneously with this Judgment Entry, IT IS HEREBY ORDERED, filed and DECREED that plaintiff's application for attorney fees and costs (Doc. No. 545, as amended) is DENIED.