Armando ABREU, Plaintiff,

v.

Mr. C. RAMIREZ, et al., Defendants.

No. CV–02–4093–GAF (JWJ).

United States District Court,
C.D. California,
Western Division.

Sept. 25, 2003.

Armando Abreu, California State Prison, Lancaster, Lancaster, CA, pro se.

Bill Lockyer, Attorney General of the State of California, Robert R. Anderson, Chief Assistant Attorney General, Paul D.

Gifford, Senior Assistant Attorney General, John F. Bazan, Deputy Attorney General, Robert F. Helfand, Deputy Attorney General, Los Angeles, CA, for Respondent.

## MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

JOHNSON, United States Magistrate Judge.

The Court is in receipt of Plaintiff's First Amended Complaint ("FAC") filed pursuant to 42 U.S.C. § 1983. The Court has screened the FAC pursuant to 28 U.S.C. §§ 1915 and 1915A, the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (codified in sections of Titles 18, 28 and 42 of the United States Code), the Federal Rules of Civil Procedure, the Local Rules of the Central District of California and, because Plaintiff has been granted leave to file this action without prepayment of the full filing fee, pursuant to 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the FAC is dismissed with leave to amend.

In the FAC, Plaintiff alleges that prison officials retaliated against him, failed to protect him from harm, and denied him access to the courts in violation of his rights under the First and Eighth Amendments. (FAC 15–37.) These acts allegedly began in 1996 and occurred at various prisons throughout California. (*See id.*)

## I.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a) and (b), this Court is required to screen complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. Section 1915A(b) provides that:

> On review, the court shall identify cognizable claims or dismiss the complaint, or

any portion of the complaint, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b)(1), (2). In addition, where a plaintiff has been granted leave to proceed *in forma pauperis* or without prepayment of the full filing fee pursuant to 28 U.S.C. § 1915, a court shall dismiss the case at any time if the court determines that, *inter alia,* the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In a *pro se* civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt. *Karim–Panahi v. Los Angeles Police Department,* 839 F.2d 621, 623 (9th Cir.1988). Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. *Id.* Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. *Id.*

To prosecute an action pursuant to 42 U.S.C. § 1983, a plaintiff must plead that (1) defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Vague and conclusory allegations of participation in civil rights violations are insufficient. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982). In addition, a negligent act by a person acting under

color of state law does not rise to the level of a constitutional violation. *Daniels v. Williams,* 474 U.S. 327, 333, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

## II.

### IN FORMA PAUPERIS DETERMINATION

Although this Court has already granted Plaintiff "IFP" status and allowed him to proceed without paying the full filing fee, it now appears to the Court that Plaintiff may not have been entitled to such a designation. According to the dockets of the United States District Courts for the Southern, Eastern, and Northern Districts of California and of the Ninth Circuit Court of Appeals (of which the Court has taken judicial notice), prior to filing the instant action, Plaintiff initiated nine separate federal civil rights actions pursuant to 42 U.S.C. § 1983 in United States District Courts and appealed the dismissal of one of these actions to the Ninth Circuit as follows:

*Abreu v. Hernandez,* CV–98–1900 (S.D.Cal.): dismissed without prejudice.

*Abreu v. Ayers,* CV–98–3099 (N.D.Cal.): dismissed without prejudice.

*Abreu v. Celedon,* CV–98–3491 (N.D.Cal.): dismissed for failure to exhaust administrative remedies.

*Abreu v. Tweed,* CV–98–3605 (N.D.Cal.): dismissed for failure to state a cognizable claim.

*Abreu v. O'Neill,* CV–98–3988 (N.D.Cal.): dismissed for failure to exhaust administrative remedies.

*Abreu v. Small (I),* CV–00–552 (S.D.Cal.): voluntary dismissal by Plaintiff (Fed.R.Civ.P.41(a)).

*Abreu v. Small (II),* CV–00–2230 (S.D.Cal.): voluntary dismissal by Plaintiff (Fed.R.Civ.P.41(a)).

*Abreu v. Hickman,* CV–00–2328 (E.D.Cal.): dismissed without prejudice.

*Abreu v. Small (III),* CV–02–685 (S.D.Cal.): dismissed for failure to state a claim.

*Abreu v. Ayers,* 98–16647 (9th Cir.): dismissed for failure to prosecute (appeal of *Abreu v. Ayers*).

■ Under the PLRA, 28 U.S.C. § 1915(g), IFP status shall be denied to prisoners who have had three or more civil actions dismissed as frivolous, malicious, or because the case fails to state a claim upon which relief can be granted, unless the prisoner is in imminent danger of serious physical injury. *Rodriguez v. Cook,* 169 F.3d 1176, 1177–78 (9th Cir.1999). From the dockets and documents already reviewed by the Court, it appears that Plaintiff has suffered at least two "strikes." Plaintiff suffered dismissals in *Abreu v. Tweed,* CV–98–3605 (N.D.Cal.) and *Abreu v. Small (III),* CV–02–635 (S.D.Cal.) based on a failure to state a cognizable claim. The Court cannot discern from the records whether the dismissals in *Abreu v. Hernandez,* CV–98–1900 (S.D.Cal.), *Abreu v. Ayers,* CV–98–3099 (N.D.Cal.) or *Abreu v. Hickman,* CV–00–2328 (E.D.Cal.) might also constitute "strikes" under 28 U.S.C. § 1915(g).

■ Should Plaintiff wish to file an amended complaint to proceed in the instant action, he must provide the Court with the dispositive orders dismissing his complaints in *Abreu v. Hernandez,* CV–98–1900 (S.D.Cal.), *Abreu v. Ayers,* CV–98–3099 (N.D.Cal.) and *Abreu v. Hickman,* CV–00–2328 (E.D.Cal.) so that the Court can determine the propriety of Plaintiff's continued IFP status. If Plaintiff contests this Court's findings that the dismissals in *Abreu v. Tweed,* CV–98–3605 (N.D.Cal.) and *Abreu v. Small (III),* CV–02–685 (S.D.Cal.) constitute "strikes," or if plaintiff contends that he should not be subject to the "three strikes" rule for any other reason, he should explain his position and

provide any relevant documentation in support thereof.

## III.

### PRIOR VOLUNTARY DISMISSALS

From a review of Plaintiff's numerous prior filings in federal court, it also appears that Plaintiff has voluntarily dismissed two prior actions raising at least some of the same claims raised in the instant action. Federal Rule of Civil Procedure 41(a) provides in relevant part:

> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed.R.Civ.P. 41(a).

■ In both *Abreu v. Small,* CV–00–552 (S.D.Cal.2000) and *Abreu v. Small,* CV–00–2230 (S.D. Cal 2000), Plaintiff alleged that defendants S. Garcia, Small and Young retaliated against Plaintiff for pursuing administrative appeals following a December 1999 attack by a fellow inmate and that Young failed to protect Plaintiff from this attack by allowing the attacker to be housed with Plaintiff. (Plaintiff raises these claims in the FAC as part of section IV.) Therefore, it appears that both of these claims have been dismissed on their merits at least against these defendants by virtue of Rule 41(a) and are now barred from relitigation by Rule 41(a)'s res judicata effect. *Commercial Space Management Co., Inc. v. Boeing Co., Inc.,* 193 F.3d 1074, 1076 (9th Cir.1999). At this time, these claims are dismissed with leave to amend in order to afford Plaintiff an opportunity to allege additional facts which might alter the Court's determination.

■ Furthermore, other claims twice dismissed by Plaintiff may be barred under the "two dismissal rule" even if the defendants named here were not named in the earlier two actions. *See Lake at Las Vegas Investors Group v. Pacific Malibu Development Corp.,* 933 F.2d 724, 728 (9th Cir.1991) (defendants need only be "substantially the same" as those against whom claims were twice dismissed in order to claim benefit of Rule 41(a) res judicata rule). Of course, if Plaintiff voluntarily dismisses the instant action in this Court, he will be subject to the Rule 41(a) rule in any future action he might bring as to claims that were also raised in either of the two Southern District of California cases he has voluntarily dismissed.

## IV.

### STATUTE OF LIMITATIONS

**A. Plaintiff's Claims Are Subject to the Statute of Limitations in Effect at the Time His Claims Accrued.**

■ On January 1, 2003, California Code of Civil Procedure § 335.1 became law. The new section extends the prior limitations period applicable to personal injury actions (and correspondingly to federal civil rights claims, *see Wilson v. Garcia,* 471 U.S. 261, 271–72, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)) from one year under § 340(3) to two years. *See* Cal.Civ. Proc.Code § 335.1; Cal. Senate Bill 688 (Burton), Stats.2002, ch. 448, § 3. Plaintiff does not benefit from this new two-year statute of limitations; since his claims herein accrued before January 1, 2003, the one-year statute governs. *See Krusesky v. Baugh,* 138 Cal.App.3d 562, 188 Cal.Rptr. 57, 59 (1982) ("[S]tatute[s][are] presumed to be prospective only and will not be applied retroactively unless such intention clearly applies in the language of the statute itself."); *see also Landgraf v. USI*

*Film Products*, 511 U.S. 244, 265–66, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) ("[T]he 'principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal.'"). Nothing in the legislation extending California's personal-injury limitations period suggests that the California Legislature intended § 335.1 to apply retroactively, except to claims made by victims of terrorist actions on September 11, 2001. *See* Cal. Senate Bill 688, sections (c) & (d). Plaintiff does not fall within this narrow exception.

This Court has found no jurisprudence in California which expressly holds that the statute of limitations in effect at the time an action accrues, as opposed to the time it is filed, is the parameter under which timeliness must be determined.[1]

However, one can infer from the California legislature's retroactivity carve-out for September 11, 2001 victims that the legislature intended that, unless otherwise specified, the statute of limitations in effect at the time a claim accrues is the limitation applicable to that claim for all time. If this were not true, such a retroactivity carve-out would have been unnecessary.[2]

This approach makes sense. Otherwise, the lengthening or shortening of a statute of limitations could generate disparate and nonsensical results on similar claims that accrue at the same time but are respectively filed before and after the change in the statute.

## B. Many of Plaintiff's Claims Appear to be Time–Barred.

 Many of the acts about which Plaintiff complains in the FAC occurred

---

**1.** Other jurisdictions have so held. *Fifield v. International Union*, 570 F.Supp. 562, 565 (W.D.Mich.1983); *Sanabria v. Village of Monticello*, 424 F.Supp. 402, 406 (S.D.N.Y.1976); *cf. Pitts v. Frito–Lay, Inc.*, 700 F.2d 330, 334 (6th Cir.1983) (newly enacted statute shortening the statute of limitations does not apply retroactively). In *Sanabria,* the court specifically stated that "the former statute of limitations remains applicable to a cause of action that accrued prior to the change in the law." *Sanabria v. Village of Monticello,* 424 F.Supp. at 406.

This Court also acknowledges the California Court of Appeal's holding in *Aronson v. Superior Court*, 191 Cal.App.3d 294, 297, 236 Cal. Rptr. 347 (1987), to wit, "[i]n California, statutes of limitations, being procedural, are normally retroactively applied to accrued causes of action." However, the court in *Aronson* was confronted with a newly enacted statute which shortened the limitations period. The *Aronson* court focused exclusively on the narrow question of the constitutionality of enforcing a reduction in the limitations period for medical malpractice from four to three years. In its opinion, the Aronson Court clearly delineated its narrow scope of inquiry: "Well settled law, disputed by no party here, establishes that *retrospective application of a*

*shortened limitations period* is permissible provided the party has a reasonable time to avail himself of his remedy before the statute cuts off his right." 191 Cal.App.3d at 296, 236 Cal.Rptr. 347 (emphasis added).

The *Aronson* analysis sheds no apparent light on the instant situation where the statute of limitations has been lengthened.

**2.** The Ninth Circuit Court of Appeals has recognized the potential retroactivity of a California statute of limitations in *Fink v. Shedler*, 192 F.3d 911, 915 n. 7 (9th Cir.1999) (citing *Aronson v. Superior Court*, 191 Cal.App.3d 294, 297, 236 Cal.Rptr. 347, 349 (1987)); however, similar to the *Aronson* opinion, the *Fink* court's focus was on 1994 legislation which shortened the tolling period previously available to prisoners under California Civil Procedure Code section 352.1. Importantly, the amended section 352.1, considered by the Ninth Circuit, did not contain express carve-out language such as that found in California's new section 335.1. It is this express language which leads this Court to conclude that the California legislature did not intend for section 335.1 to apply retroactively, except as to September 11, 2001 victims. *See Chang v. Sonoma County*, 2003 WL 223425, *2 n. 3 (N.D.Cal. January 28, 2003).

years before he filed the FAC suggesting that the claims may not have been timely raised. Federal civil rights statutes have no independent statute of limitations. *Johnson v. State of California,* 207 F.3d 650, 653 (9th Cir.2000). Instead, the applicable limitations period is determined by borrowing the forum state's limitation period for personal injury actions. *Id.* In California, at the time Plaintiff's claims herein accrued, the applicable statute of limitations was one year. *Id.;* Cal.Civ. Proc.Code § 340(3) (2002). State law also governs tolling of the statute of limitations when not inconsistent with federal law. *Johnson,* 207 F.3d at 653. Federal law controls the determination of when a claim accrues; under federal law, a claim accrues when a plaintiff knows, or should have known, of the factual basis underlying his cause of action. *Id.*

Under California law, the statute of limitations is tolled for a maximum of two years while a plaintiff is imprisoned for a term less than for life. Cal.Code Civ. Proc. § 352.1(a). The public documents regarding Plaintiff's conviction and sentence reveal that Plaintiff's sentence is for a term less than for life. *See Martinez v. Gomez,* 137 F.3d 1124, 1126 (9th Cir.1998); *Grasso v. McDonough Power Equipment, Inc.,* 264 Cal.App.2d 597, 70 Cal.Rptr. 458 (1968). Therefore, Plaintiff is subject to a three-year limitations period during which he could have timely filed a civil rights complaint, unless Plaintiff is entitled to equitable tolling. *See, e.g., Azer v. Connell,* 306 F.3d 930, 936 (9th Cir.2002) (equitable tolling is available under California law where there is "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.").

Here, the FAC was filed on October 29, 2002 and the original complaint was filed on May 28, 2002. In § 1983 actions, whether an amended complaint "relates back" to the filing date of an earlier complaint is determined according to state law. *Merritt v. County of Los Angeles,* 875 F.2d 765, 768 (9th Cir.1989). Under California law, an amended pleading will relate back to the date of an earlier filing when the amended pleading "(1) is based on the same general set of facts as the original, (2) seeks relief for the same injuries, and (3) refers to the same incident." *Edwards v. Superior Court,* 93 Cal.App.4th 172, 112 Cal.Rptr.2d 838, 844 (2001) (quoting *Foxborough v. Van Atta,* 26 Cal.App.4th 217, 230, 31 Cal.Rptr.2d 525 (1994)).

Plaintiff raises many more and different claims in the FAC than he did in the original complaint. Thus, his FAC may not "relate back" to the filing date of the original complaint. However, for purposes of this analysis, the Court will assume that the FAC does "relate back" to the original complaint. Further assuming that plaintiff is not entitled to equitable tolling but is entitled to statutory tolling pursuant to Cal.Code Civ. Proc. § 352.1, claims that accrued prior to May 28, 1999 would be barred by the statute of limitations. Accordingly, it appears on the face of the FAC that claims for relief numbers 1, 2, and 3 and some of the subclaims in claim number 4 are time-barred. However, since this Court can not conclude from the FAC that there is no set of facts which Plaintiff could allege that would render his claims timely (i.e., potential availability of equitable tolling), claims one through four are dismissed with leave to amend. Should Plaintiff wish to proceed on these claims, he must allege facts which would establish the timeliness of these claims or the bases for equitable tolling.

## V.

## RETALIATION CLAIMS

■ In several claims, Plaintiff alleges that prison officials retaliated against him for pursuing administrative grievance procedures and civil rights actions in the federal courts. A prisoner advancing retaliation claims under section 1983 must demonstrate that (1) prison officials retaliated against him for exercising his constitutional right; and (2) the retaliatory action did not advance legitimate penological goals, such as the preservation of institutional order, discipline, security, or rehabilitation of prisoners. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985); *Pratt v. Rowland*, 65 F.3d 802, 806–07 (9th Cir.1995). Thus, a prisoner has the burden of pleading and proving the absence of legitimate correctional goals. *Pratt*, 65 F.3d at 806. Furthermore, a retaliation claim without allegation of a "chilling effect" or other harm is not actionable. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir.2000).

■ Plaintiff alleges that he was engaged in protected conduct and that he was mistreated by prison officials in retaliation for engaging in such protected conduct. None of plaintiff's retaliation claims allege that his treatment did not serve some legitimate penological purpose. Thus, Plaintiff has not alleged facts sufficient to state a claim of retaliation.

## VI.

## FAILURE TO PROTECT

■ In many instances, Plaintiff alleges that prison officials failed to protect him from harm at the hands of other inmates. Certainly, under the Eighth Amendment, prison officials have a duty to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833–38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S.Ct. 1970. To the extent that Plaintiff has failed to allege facts to satisfy these requirements, he has failed to state a claim upon which relief may be granted.

## VII.

## ACCESS TO THE COURTS

■ Plaintiff also appears to allege that in numerous instances, prison officials violated his constitutional right of access to the courts, generally through their actions relating to administrative remedies. Prisoners have a fundamental right of access to the courts, which includes access to established prison grievance procedures. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995). However, only inmates who can show that they suffered actual injury in their efforts to pursue a particular legal claim may assert claims based on a denial of this right. *Lewis*, 518 U.S. at 351–53, 116 S.Ct. 2174 (actual injury consists of frustration or impairment of a non-frivolous legal claim).

■ Plaintiff's allegations that prison officials refused to answer his grievances are not enough, by themselves, to sustain a claim of denial of access to the courts. Plaintiff has not alleged any actual injury suffered as a result of any failures to respond. Although Plaintiff once alleges that such failure to respond deprived him of "exhaustion," he does not allege that this instance of non-exhaustion caused him

any actual injury. Plaintiff has failed to state a cognizable claim of denial of access to the courts.

## VIII.

## SUPERVISOR LIABILITY

 To the extent that Plaintiff alleges that any defendant's liability is based on his or her status as a supervisor of an official who violated Plaintiff's rights, Plaintiff fails to state a claim upon which relief can be granted. Liability under section 1983 cannot be predicated on the theory of *respondeat superior*, that is, that a supervisor is liable for the wrongful acts of his subordinates. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Under section 1983, a supervisor may be liable only if there exists either "(1) his or her personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir.1995). Plaintiff has not alleged sufficient facts from which to hold any supervisor liable for any violation of Plaintiff's constitutional rights.

## IX.

## ELEVENTH AMENDMENT IMMUNITY

 To the extent that Plaintiff sues defendants in their official, as opposed to individual capacities, and to recover money damages, the defendants may be immune from liability pursuant to the Eleventh Amendment. The Eleventh Amendment provides that the federal judiciary power "shall not be construed to extend to any suit in law or equity, commenced against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "The Eleventh Amendment bars both a federal court action for damages (or other retroactive re-lief) brought by a citizen against a state and such a federal court action brought by a citizen against a state official acting in his official capacity." *Pena v. Gardner*, 976 F.2d 469 (9th Cir.1992). Since suits for retroactive relief against state officials in their *official* capacity generally constitute suits against the state itself, *see Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), federal courts lack jurisdiction to entertain such suits. Of course, *individual*-capacity claims against state officials face no Eleventh Amendment jurisdictional barrier. *Id.*

The Court is without subject matter jurisdiction to consider Plaintiff's official-capacity allegations against defendants from whom plaintiff is seeking damages or other retroactive relief.

## *ORDER*

For the foregoing reasons, the instant FAC is dismissed with leave to amend pursuant to 28 U.S.C. § 1915A(b)(1) and the Federal Rules of Civil Procedure.

If Plaintiff elects to file an amended complaint, the amended complaint must be filed within twenty-eight (28) days of the date of this Order. The amended complaint must comply with all the applicable provisions of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (codified in sections of Titles 18, 28 and 42 of the United States Code), the Federal Rules of Civil Procedure, and the Local Rules for the Central District of California. Plaintiff is admonished that an amended complaint must be double-spaced, with pages and lines numbered, with not more than 28 lines on a page, pursuant to Local Rule 11–3 of the Central District of California.

The amended complaint must be labeled with the case number assigned to this case and must be labeled "Second Amended Complaint." In addition, Plain-

tiff is informed that the Court cannot refer to a prior pleading in order to make his Second Amended Complaint complete. Local Rule 15–2 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes an earlier complaint. *See Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir.1967).

Plaintiff is further admonished that in any amended complaint he must clearly delineate his claims for relief, as opposed to the factual support for those claims. In the FAC, within each of the seven sections, Plaintiff has included many factual allegations that seem to raise separate claims for relief against numerous defendants. Each separate claim for which Plaintiff seeks relief must be separately numbered and explained in any amended complaint. Fed. R.Civ.P. 8. Moreover, Plaintiff must explain which defendant engaged in each alleged violation. Many of the claims in the instant FAC do not adequately explain which defendant is allegedly responsible for which action.

As Plaintiff has already amended once, any new opportunity for amendment is by leave of Court only. Fed.R.Civ.P. 15. Here, Plaintiff has filed a FAC and is now being given leave to file a Second Amended Complaint, as discussed above. In view of the drastically different nature of the FAC as compared to the original complaint (the addition of numerous claims and defendants), the Court hereby orders that Plaintiff may not add new parties or new claims that were not included in the FAC to a Second Amended Complaint, absent a clear explanation of extraordinary circumstances. *See* Fed.R.Civ.P. 1 (Federal Rules of Civil Procedure intended to secure the just, speedy, and inexpensive determination of every action); Fed. R. Civ. Pro. 15(a) (second or subsequent amendment of complaint only allowed with leave of Court); and Fed. R. Civ. Pro. 21 (additions of parties permitted as are just).

Finally, should Plaintiff wish to proceed with an amended complaint, he must respond to the issues raised by the Court in Section II, *supra,* concerning his continuing IFP status.

If plaintiff elects not to file a Second Amended Complaint within twenty-eight (28) days from the date of this Order, this Court will recommend that this action be dismissed for failure to prosecute, failure to comply with this Court's order or potentially for failure to state a claim upon which relief can be granted (meaning that the dismissal would likely constitute a "strike" in evaluating any future IFP request). *See* Fed.R.Civ.P. 41(b); Local Rules—Central District of California, L.R. 41–1; *see also Link v. Wabash R.R.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Yourish v. California Amplifier,* 191 F.3d 983, 986 (9th Cir.1999). Of course, as explained above, if Plaintiff elects to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a), he runs the risk of encountering a future bar on relitigation of any claims raised herein that were also raised in prior actions which plaintiff voluntarily dismissed.

**IT IS SO ORDERED.**