[No. B176544. Second Dist., Div. Five. Apr. 13, 2005.]

BERTHA ANDONAGUI, Plaintiff and Appellant, v.
THE MAY DEPARTMENT STORES COMPANY, Defendant and
Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

---

[*]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for
publication with the exception of Discussion, part III.

COUNSEL

Mouzoon & Heying and Thomas Pham, Jr., for Plaintiff and Appellant.

Forgey & Hurrell, Lisa D. Collinson and Melinda Hedin for Defendant and Respondent.

OPINION

MOSK, J.—

## INTRODUCTION

Plaintiff and appellant Bertha Andonagui (plaintiff) filed a personal injury action against defendant and respondent The May Department Stores Company (defendant), alleging general negligence and premises liability. Plaintiff pleaded her premises liability cause of action in two counts: negligence and willful failure to warn under Civil Code section 846.

The trial court sustained defendant's demurrer to plaintiff's complaint without leave to amend, determining that plaintiff's entire action was barred by the one-year statute of limitations for personal injury actions in former Code of Civil Procedure[1] section 340, subdivision (3). Plaintiff appeals, contending that her action was not time-barred because it was governed by the two-year statute of limitations in section 335.1, which became effective on January 1, 2003.[2] Defendant contends that the trial court properly sustained the demurrer without leave to amend because section 335.1 did not apply retroactively to plaintiff's action. Alternatively, defendant contends that the trial court correctly sustained the demurrer without leave to amend as to the willful failure to warn count because the factual allegations supporting that count did not show a willful or malicious failure to warn.

■ In the published portion of the opinion we hold that the two-year statute of limitations for personal injuries actions in section 335.1 applies to actions not already time-barred by the one-year statute of limitations in former section 340, subdivision (3) when section 335.1 became effective on January 1, 2003, and, therefore, plaintiff's action was not time-barred. In the unpublished portion of the opinion we hold that the trial court properly sustained, without leave to amend, defendant's demurrer to the willful failure to warn count. Accordingly, we reverse in part and affirm in part.

## BACKGROUND

On April 6, 2004, plaintiff filed a personal injury action against defendant. The complaint asserted causes of action for general negligence and premises liability based on injuries plaintiff allegedly sustained at a Robinsons-May store in Montebello on December 15, 2002, when she fell after tripping on a metal rack that had been left on the floor. In her complaint, plaintiff alleges a premises liability cause of action based on negligence and a willful failure to warn under Civil Code section 846.

Defendant demurred to the complaint, contending that plaintiff's action was barred by the one-year statute of limitations for personal injury actions in former section 340, subdivision (3). Defendant also demurred to plaintiff's willful failure to warn count, contending that it was not supported by sufficient factual allegations. Plaintiff argued that the two-year statute of limitations in new section 335.1 governed her action. Plaintiff reasoned that

---

[1] All statutory citations are to the Code of Civil Procedure unless otherwise noted.

[2] The trial court sustained defendant's demurrer on June 7, 2004. Plaintiff prematurely filed her notice of appeal on June 30, 2004. The trial court filed its order dismissing plaintiff's action on July 30, 2004. We will treat plaintiff's notice of appeal as having been filed immediately after the filing of the order dismissing her action. (Cal. Rules of Court, rule 2(e)(2).)

the two-year statute of limitations applied because her action was not time-barred as of the date section 335.1 became effective. Plaintiff did not address defendant's alternative argument that her alleged willful failure to warn count was not supported by sufficient factual allegations.

The trial court sustained defendant's demurrer without leave to amend and dismissed plaintiff's action. The trial court ruled that plaintiff's action was filed more than one year after she allegedly sustained her injuries and that section 335.1 did not apply retroactively to her action. The trial court did not address defendant's alternative argument as to plaintiff's count for willful failure to warn.

## DISCUSSION

### I.  Standard of Review

■  "In reviewing the sufficiency of a complaint against a general demurrer, we are guided by long-settled rules. 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' (*Serrano v. Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].) Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.]" (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58] (*Blank*).) We will uphold a judgment on an order sustaining a demurrer if any one of several grounds in the demurrer is well taken. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

■  "Generally it is an abuse of discretion to sustain a demurrer without leave to amend if there is any reasonable possibility that the defect can be cured by amendment. [Citation.]" (*Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636 [75 Cal.Rptr. 766, 451 P.2d 406] (*Cooper*); *Blank, supra,* 39 Cal.3d at p. 318.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank, supra,* 39 Cal.3d at p. 318; see *Cooper, supra,* 70 Cal.2d at p. 636.) "Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading. [Citation.]" (*Cooper, supra,* 70 Cal.2d at p. 636.)

### II.  Statute of Limitations

■  "A basic canon of statutory interpretation is that statutes do not operate retrospectively unless the Legislature plainly intended them to do so."

(*Western Security Bank v. Superior Court* (1997) 15 Cal.4th 232, 243 [62 Cal.Rptr.2d 243, 933 P.2d 507].) "[W]here the application of a new or amended statute of limitations would have the effect of reviving *an already time-barred claim*, the general rule against retroactive application of the statute is applicable in the absence of a clear indication of legislative intent to the contrary." (*Moore v. State Bd. of Control* (2003) 112 Cal.App.4th 371, 378–379 [5 Cal.Rptr.3d 116], italics added.)

█ A new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect. (*Douglas Aircraft Co. v. Cranston* (1962) 58 Cal.2d 462, 465 [24 Cal.Rptr. 851, 374 P.2d 819] (*Douglas*); *Mudd v. McColgan* (1947) 30 Cal.2d 463, 468 [183 P.2d 10] (*Mudd*); *Thompson v. City of Shasta Lake* (E.D.Cal. 2004) 314 F.Supp.2d 1017, 1024.) The newly enlarged limitations period will apply retroactively, reviving actions that are already time-barred, only if the Legislature expressly stated such an intent. (*Douglas, supra,* 58 Cal.2d at p. 465; *Thompson, supra,* 314 F.Supp.2d at p. 1024.) "These rules afford warning to potential defendants that until the statute of limitations has run it may be extended, whereas after it has run, they may rely upon it in conducting their affairs." (*Douglas, supra,* 58 Cal.2d at p. 465.)

█ When plaintiff allegedly sustained her injuries on December 15, 2002, the statute of limitations then in effect for personal injuries was one year. (§ 340, subd. (3); *Krupnick v. Duke Energy Morro Bay* (2004) 115 Cal.App.4th 1026, 1028 [9 Cal.Rptr.3d 767] (*Krupnick*).) By legislation that became effective on January 1, 2003, the statute of limitations in effect when plaintiff filed her action on April 6, 2004, was two years. (§ 335.1; *Krupnick, supra,* 115 Cal.App.4th at p. 1028.) The one-year statute of limitations (§ 340, subd. (3)) had not barred her action at the time the two-year statute of limitations (§ 335.1) became effective. Plaintiff's action is governed by the two-year statute of limitations in effect when she filed her action (§ 335.1) rather than the one-year statute of limitations in effect at the time she allegedly sustained her injuries (§ 340, subd. (3)).

Citing *Krupnick, supra,* 115 Cal.App.4th 1026, defendant argues that section 335.1 has no retroactive application to plaintiff's action. Defendant correctly notes that when the Legislature enacted the two-year statute of limitations under section 335.1, it made its application retroactive only to actions brought by the victims of the terrorist attacks of September 11, 2001. (Stats. 2002, ch. 448, § 1, subds. (c), (d); Code Civ. Proc., § 340.10, subds. (a) & (b); *Krupnick, supra,* 115 Cal.App.4th at p. 1029.) Defendant argues that by expressly making section 335.1 retroactive to actions brought by victims of the terrorist attacks of September 11, 2001, the Legislature intended to exclude

all other retroactive applications of the statute. Application of section 335.1 to this case, however, is not, as defendant argues, a matter of retroactivity, and, thus, defendant's reliance on *Krupnick,* is unavailing.

In *Krupnick,* the plaintiff contended that section 335.1 "operated retroactively to *revive his lapsed* claim." (*Krupnick, supra,* 115 Cal.App.4th at p. 1028, italics added.) The plaintiff alleged he sustained injuries on January 26, 2001. (*Id.* at p. 1027.) He did not file his action until January 8, 2003. (*Ibid.*) Under the one-year statute of limitations applicable when he sustained his injuries, he had only until January 26, 2002, to file his complaint. (*Id.* at p. 1028.) The court held that section 335.1 did not apply to the plaintiff's action because it was time-barred prior to the January 1, 2003 effective date of the new two-year statute, and section 335.1 did not operate retroactively to revive his already time-barred action. (*Krupnick,* at pp. 1028–1029.) Here, by contrast, plaintiff allegedly sustained her injuries on December 15, 2002, and her claim was but 17 days old and not time-barred when section 335.1 became effective on January 1, 2003. Thus, unlike the plaintiff in *Krupnick* or the victims of the terrorist attacks of September 11, 2001—whose claims would have been barred as of September 11, 2002 (i.e., before section 335.1 became effective)—plaintiff's action did not have to be revived through retroactive application of section 335.1.

Defendant also relies on *Abreu v. Ramirez* (C.D. Cal. 2003) 284 F.Supp.2d 1250, 1256, for the proposition that the "statute of limitations in effect at the time a claim accrues is the limitation applicable to that claim for all time." In *Abreu,* a magistrate judge held that the plaintiff did not benefit from the enlarged two-year limitations period in section 335.1 because his claim accrued before January 1, 2003. (*Abreu,* at p. 1256.) *Abreu* is not persuasive authority. The court in *Abreu* failed to consider the holdings in *Douglas, supra,* 58 Cal.2d 462 and *Mudd, supra,* 30 Cal.2d 463 that a new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period at the time the new statute goes into effect (*Douglas, supra,* 58 Cal.2d at p. 465; *Mudd, supra,* 30 Cal.2d at p. 468), and its holding is inconsistent with those cases.

Finally, defendant contends that *Douglas, supra,* 58 Cal.2d 462; *Mudd, supra,* 30 Cal.2d 463; and *Evelyn, Inc. v. California Emp. Stab. Com.* (1957) 48 Cal.2d 588 [311 P.2d 500] (cases on which plaintiff relies) should not apply here because they deal with "statutory liabilities" and not personal injury actions. Defendant does not cite any language in any of those cases that suggests that the Supreme Court intended its holdings to apply only to statutory liabilities and not to personal injury actions, and there is no justification for such a distinction. Therefore, the trial court erred in sustaining defendant's demurrer based on defendant's statute of limitations argument.

III. *Plaintiff's Willful Failure to Warn Count*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is reversed except as to plaintiff's willful failure to warn count, as to which count the order sustaining the demurrer without leave to amend is affirmed. Each party shall bear her or its own costs on appeal.

Turner, P. J., and Kriegler, J.[†] concurred.

---

[*]See footnote, *ante*, page 435.

[†]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.