**Carol DELA TORRE, Plaintiff—Appellant,**

v.

**COUNTY OF FRESNO; et al., Defendants—Appellees,**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

B. Gottselig, Defendant—Appellee.

No. 04–16266.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided May 2, 2006.

W. Scott Quinlan, Esq., Law Offices of
W. Scott Quinlan, Fresno, CA, for Plain-

tiff–Appellant. James J. Arendt, Esq.,
Weakley & Ratliff, Arendt & McGuire,
LLP, Fresno, CA, for Defendants–Appel-
lees.

Before: FERGUSON, TROTT, and
KLEINFELD, Circuit Judges.

MEMORANDUM *

Carol Dela Torre appeals the district
court's order denying her motion for leave
to amend her complaint.

Dela Torre filed a § 1983 action against
the County of Fresno and a number of
officials. The action arose out of a search
of her house on January 29, 2002. On
January 1, 2003—after Dela Torre had
filed her claim but before the one-year
statute of limitations on the claim had
run—the California legislature changed
the statute of limitations to two years.
After the expiration of the one-year period
but before the expiration of the two-year
period, Dela Torre sought to amend the
complaint to add new claims against new
officials. The magistrate judge denied the
motion, holding that the two-year statute
of limitations did not apply so the claims
were time-barred. We agreed to hear this
interlocutory appeal, and reverse.

Finding no state authority, the magis-
trate judge relied on *Abreu v. Ramirez,*[1] a
decision of the Central District of Califor-

---

1. *Abreu v. Ramirez,* 284 F.Supp.2d 1250, 1256
(C.D.Cal.2003).

nia. That decision holds that the controlling limitations period is the one "in effect at the time a claim accrues."[2] After the magistrate decided this case, however, the California Court of Appeals expressly rejected *Abreu* in *Andonagui v. May Department Stores.*[3] Instead, the *Andonagui* court held that state Supreme Court precedent required that "a new statute that enlarges a statutory limitations period applies to actions that are not already barred by the original limitations period *at the time the new statute goes into effect.*"[4] Dela Torre still had 28 days left on her original one-year limitations period when the new statute went into effect. Thus, the magistrate judge abused his discretion in denying the motion to amend, even though his reliance on *Abreu* was reasonable at the time.

REVERSED and REMANDED.

2. *Id.*

3. *See Andonagui v. May Department Stores,* 128 Cal.App.4th 435, 441, 27 Cal.Rptr.3d 145 (Cal.Ct.App.2005).

